## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division

**BODE CAPITAL, LLC,**

    **Plaintiff,**

v.

**JUSTIN ERIKSEN,**

    **Defendants.**

_____/

Case No. _____

**COMPLAINT**

**Jury Trial Requested**

Plaintiff BODE CAPITAL, LLC ("Bode"), by and through its undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1. Bode is a private equity fund engaged in the life settlements industry. A life settlement is the purchase and sale of a life insurance policy to a third party for a value in excess of the policy's cash surrender value, but less than its face value. As part of a typical life settlements transaction, a policy owner receives a cash payment in exchange for transferring ownership of the policy to the purchaser. In addition, the brokers who facilitate the purchase and sale typically receive a commission, sometimes paid in advance, which is earned at the time the purchase closes.

2. In this case, Bode attempted to purchase a life settlements facilitated through Defendant Justin Eriksen ("Eriksen"). Specifically, in March 2017, Eriksen approached Bode with a potential "opportunity" to purchase the Dunn policy. Eriksen informed Bode that he had developed a relationship with the Dunn family and that the Dunn family were interested in selling the Dunn policy in the secondary market. Eriksen falsely represented to Bode that an "advanced commission" in the amount of $150,000.00 was needed to secure the commitment from the family and to secure the policy. Because the acquisition of the policy was direct from the family, the family was afforded the right to

rescind the sale of the policy for 15 days after closing. Given Bode's concern about the return of the $150,000.00 in the event the family rescinded the agreement, Bode specifically required that Eriksen represent and warrant in writing to return the $150,000.00 to Bode upon such an event, which Eriksen did. Accordingly, Bode wired Eriksen $150,000 on March 16, 2017.

3. The Dunn family subsequently rescinded the agreement when they discovered Eriksen had been fraudulent impersonating the insured's insurance broker, Mr. Tolbert. Bode subsequently demanded the return of the $150,000.00. Eriksen refused. Pursuant to Florida Statute sec. 772.11(1), Bode sent Eriksen a civil theft demand letter. Payment was not made as demanded within 30 days of the letter.

4. Bode subsequent efforts to resolve the matter informally have been unsuccessful and have ceased entirely.

## THE PARTIES

5. Bode is a Missouri corporation founded in 2012 with its principal place of business in Dallas, Texas. Bode has three members, each of whom are residents of states other than Florida, namely, South Dakota, Texas, and California.

6. Defendant is a Florida resident with a last know address in Jacksonville, Florida.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Bode's claims pursuant to 28 U.S.C. § 1332 (diversity) because Bode and Eriksen are citizens of different states and the amount in controversy exceeds $75,000.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events, omissions, and breach giving rise to Bode's claims, described herein, occurred in the Middle District of Florida and because Eriksen resides in the Middle District of Florida.

## FACTUAL ALLEGATIONS

9. Bode was formed in late 2012 for the purpose of investing in life settlements.

10. In March 2017, an independent contractor with whom Bode previously worked with, Gary Brecka, approached Bode about an opportunity to purchase a life settlement known as the Dunn policy. Brecka coordinated a phone call with Justin Eriksen and two of Bode's principals, Aaron McKown and Matthew Williams.

11. During the phone call, Eriksen represented that he was close to the Dunn family and that the Dunn family had decided to sell the Dunn policy. He explained that the family wase considering several offers, but that Bode could secure the policy if it advanced $150,000 refundable deposit.

12. The purchase of the Dunn policy was considered a "secondary market" purchase, meaning that the purchase was directly from the owner of the policy. As a result, the Dunn family had a statutory right to rescind the sale for a period of 15 days after closing.

13. Concerned about the possibility of rescission and the need for the return of the deposit in the event rescission occurred, Bode asked for Eriksen to represent and warrant in writing that he would return the deposit immediately upon the decision by the family to rescind.

14. Eriksen subsequently provided Bode with an agreement to sell the Dunn policy executed by the family.

15. As a result, Bode wired Eriksen $150,000 on March 16, 2017.

16. Unbeknownst to Bode, Eriksen had been fraudulently impersonating a gentleman by the name of Mr. Tolbert in all of his interactions with the Dunn family, who was the original insurance agent who initially wrote the insurance policy years previously.

17. The Dunn family discovered Eriksen's rouse prior to the statutory deadline to rescind and thus, immediately rescinded the agreement.

18. Bode subsequently learned that the purchase agreement had been rescinded, but it was not informed of the reason why. Nonetheless, Bode immediately demanded from Eriksen that he return the deposit. Eriksen refused.

## COUNT I – CIVIL THEFT

19. Bode realleges and reiterates paragraphs 1 through 18 as if set forth in full herein.

20. Fla. Stat. § 812.014 ("Theft") provides, in pertinent part:

    (1) *A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:*

        *(a) Deprive the other person of a right to the property or a benefit from the property.*

        *(b) Appropriate the property to his or her own use or the use of any person not entitled to the use of the property.*

21. Fla. Stat. §772.11 ("Civil Remedy for theft or exploitation") provides, in pertinent part:

    *Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and courts costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand.*

22. As set forth above, Bode has been injured by Eriksen in violation of Fla. Stat. § 812.014, et seq. Specifically, Defendant stole no less than $150,000 from Bode on or about April 2017.

23. At all times, Eriksen knowingly obtained and/or used, and/or endeavored to obtain and/or use, Bode's property with the intent to deprive Bode, either temporarily or permanently, of its right to or a benefit from the property or to appropriate Bode's property for his own use and/or the use of any person not entitled to the property.

24. On January 29, 2018, Bode presented Eriksen with "a written demand for the treble damage amount" under Fla. Stat. § 772.11 and for the prompt repayment of monies advanced by Bode. To date, Eriksen has not returned any of the funds.

25. Bode is entitled to recover from Eriksen the funds plus three times this compensatory damage amount as treble damages pursuant to Fla. Stat. § 772.11.

26. Pursuant to Fla. Stat. § 772.11, Bode will also be entitled to recover from Eriksen the reasonable amount of attorneys' fees Bode has and will incurred in pursuing the recovery of these funds from Eriksen.

## COUNT II -- CONVERSION

27. Bode repeats and realleges each allegation contained in paragraphs 1 through 26 above, as though fully set forth herein.

28. Bode paid Eriksen the total sum of $150,000 as a deposit on the Dunn policy. The payment of these funds was conditioned on the closing of the purchase of the Dunn policy and the expiration of the right to rescind. Due to Eriksen's fraud, the Dunn family rescinded the purchase agreement thereby triggering Eriksen's obligation to return the deposit. Despite Bode's repeated demands for the return of this money, Eriksen failed and refused to return any of it Bode.

29. As a proximate result of Eriksen's act of conversion, Bode have been deprived of its property and suffered damages in an amount of $150,000.

## COUNT III – BREACH OF CONTRACT

30. Bode repeats and realleges each allegation contained in paragraphs 1 through 29 above, as though fully set forth herein.

31. Bode paid Eriksen a deposit of $150,000.

32. Eriksen promised, both orally and in writing, to return the $150,000 in the event the Dunn family rescinded the purchase agreement with Bode for the Dunn policy.

33. In early April 2017, the Dunn family rescinded the purchase agreement with Bode due to their discovery of Eriksen's fraudulent impersonation of Mr. Tolbert.

34. Eriksen breached the parties' agreement when he failed to repay Bode the deposit in April 2017.

35. Bode has suffered damages in the amount of $150,000.00 as a result of Eriksen's breach exclusive of pre- and post-judgment interest.

## COUNT IV – BREACH OF THE IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING

36. Bode repeats and realleges each allegation contained in paragraphs 1 through 35, as though fully set forth herein.

37. Florida law provides that every contract contains an implied covenant of good faith and fair dealing. The covenant implied in the parties' agreement obligated Eriksen to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would deprive Bode of its rights and benefits under the Loan agreement. The covenant further required Eriksen to avoid any actions that would otherwise frustrate the reasonable expectations of Bode to the return of the loaned funds.

38. Eriksen breached the implied covenant of good faith and fair dealing when he fraudulently impersonated Mr. Tolbert in all of his dealings and communications with the Dunn family, which was the cause of their decision to rescind the purchase agreement.

39. Eriksen also breached the implied covenant of good faith and fair dealing by failing to disclose to Bode his rouse with the Dunn family.

40. As a direct and proximate result of these breaches of the implied covenant of good faith and fair dealing, Bode has suffered damages in amount of $150,000.00 exclusive of pre- and post-judgment interest.

**WHEREFORE,** Bode prays for the following relief:

1. For compensatory damages in an amount of $150,000.

2. For treble damages in the amount of $450,000 related to Eriksen's civil theft of

Bode's funds.

      3.      For pre and post-judgment interest;

      4.      For Bode's reasonable attorneys' fees and costs as provided by statute;

      5.      For punitive damages; and

      6.      Any other further relief this Court deems proper or to which Bode may legally or equitably be entitled.

Dated:   March 31, 2021                       Respectfully submitted,

                                                        MCKOWN BAILEY
620 Newport Center Drive, Suite 690
Newport Beach, CA 92660
Telephone:  (949) 858-3200
E-Mail: aaron@mckownbailey.com

By:  /s/ Aaron M. McKown
       Aaron M. McKown
       Florida Bar No. 1002008
*Attorneys For Plaintiff*
BODE CAPITAL LLC