UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BODE CAPITAL, LLC,

    Plaintiff,

v.                                              Case No.: 3:21-cv-00354-TJC-JBT

JUSTIN ERIKSEN,

    Defendant.
_____/

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant, Justin Eriksen, by and through his undersigned counsel, answers Plaintiff, Bode Capital, LLC's, Complaint as follows:

**NATURE OF THE ACTION**

1.    Mr. Eriksen is unsure of the nature of Plaintiff's business but admits that Plaintiff is engaged in the life settlement industry. Further, Mr. Eriksen admits that the description of a life settlement is essentially correct.

2.    Mr. Eriksen denies that he approached Plaintiff with an opportunity, specifically, the Dunn policy.[1] In fact, Mr. Brecka, Plaintiff's agent and member approached him regarding the Dunn policy. Further, Mr. Eriksen did not inform Plaintiff of an alleged relationship with the Dunn family. Similarly, Mr. Eriksen did not represent

---

[1] Plaintiff's allegation directly contradicts the allegation in Paragraph 10 in which Plaintiff alleges that Mr. Brecka approached Bode about the Dunn policy.

to Plaintiff that an advanced commission was needed. Further, Mr. Eriksen denies representing and warranting in writing (or otherwise) to return any advanced commission to Plaintiff. Mr. Eriksen admits that Plaintiff attempted to purchase the life settlement of the Dunns, but based upon information and belief, the Dunns ultimately decided not to sell the policy for reasons unrelated to the litigation. Additionally, Mr. Eriksen denies personally receiving a wire for $150,000 on March 16, 2017.

3. Mr. Eriksen denies the allegations in Paragraph 3 of the Complaint.

4. Mr. Eriksen denies that Plaintiff made subsequent efforts to resolve the matter but admits that settlement has not occurred.

## THE PARTIES

5. Mr. Eriksen admits that Plaintiff is a Missouri corporation founded in 2012. Mr. Eriksen does not have knowledge regarding the members or their state of residency. However, Mr. Brecka, a resident of Florida, was or is a member as detailed in the Plaintiff's operating agreement. But Mr. Eriksen does not know Plaintiff's current membership.

6. Mr. Eriksen admits the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Mr. Eriksen denies this Court has subject matter jurisdiction based on diversity, because Mr. Brecka, a Florida resident, was, and perhaps still is, a member of Plaintiff.

8. Mr. Eriksen admits the allegations in paragraph 8 of the Complaint for purposes of venue.

## FACTUAL ALLEGATIONS

9. Mr. Eriksen is without knowledge of the allegations in paragraph 9 of the Complaint and therefore denies the allegations.

10. Mr. Eriksen denies that Mr. Brecka was an independent contractor: Mr. Brecka represented to Mr. Eriksen and others that Mr. Brecka was an agent, administrator, and member of Plaintiff. Mr. Eriksen understands that Mr. Brecka approached Plaintiff with the opportunity to buy the Dunn policy, contrary to the allegations in Paragraph 2. Mr. Eriksen denies that he participated in a phone call with principals of Plaintiff, apart from Mr. Brecka.

11. Mr. Eriksen denies the allegations in paragraph 11 of the Complaint.

12. Mr. Eriksen admits the allegations in paragraph 12 of the Complaint but denies that recission was available, because the Dunns never completed the sale to Plaintiff.

13. Mr. Eriksen denies the allegations in paragraph 13 of the Complaint.

14. Mr. Eriksen denies the allegations in paragraph 14 of the Complaint.

15. Mr. Eriksen denies the allegations in paragraph 15 of the Complaint.

16. Mr. Eriksen denies the allegations in paragraph 16 of the Complaint.

17. Mr. Eriksen denies the allegations in paragraph 17 of the Complaint.

18. Mr. Eriksen denies the allegations in paragraph 18 of the Complaint.

## COUNT I – CIVIL THEFT

19. Mr. Eriksen re-alleges and incorporates his responses to paragraphs 1 through 18 as if fully set forth herein.

20. Mr. Eriksen states that the Florida Statutes speak for themselves and no responsive pleading is required.

21. Mr. Eriksen states that the Florida Statutes speak for themselves and no responsive pleading is required.

22. Mr. Eriksen denies the allegations in paragraph 22 of the Complaint.

23. Mr. Eriksen denies the allegations in paragraph 23 of the Complaint.

24. Mr. Eriksen denies the allegations in paragraph 24 of the Complaint.

25. Mr. Eriksen denies the allegations in paragraph 25 of the Complaint.

26. Mr. Eriksen denies the allegations in paragraph 26 of the Complaint.

## COUNT II – CONVERSION

27. Mr. Eriksen re-alleges and incorporates his responses to paragraphs 1 through 26 as if fully set forth herein.

28. Mr. Eriksen denies the allegations in paragraph 28 of the Complaint.

29. Mr. Eriksen denies the allegations in paragraph 29 of the Complaint.

## COUNT III - BREACH OF CONTRACT

30. Mr. Eriksen re-alleges and incorporates his responses to paragraphs 1 through 29 as if fully set forth herein.

31. Mr. Eriksen denies the allegations in paragraph 31 of the Complaint.

32. Mr. Eriksen denies the allegations in paragraph 32 of the Complaint.

33. Mr. Eriksen denies the allegations in paragraph 33 of the Complaint.

34. Mr. Eriksen denies the allegations in paragraph 34 of the Complaint.

35. Mr. Eriksen denies the allegations in paragraph 35 of the Complaint.

## COUNT IV - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. Mr. Eriksen re-alleges and incorporates his responses to paragraphs 1 through 35 as if fully set forth herein.

37. Mr. Eriksen admits that Florida law provides an implied covenant of good faith and fair dealing for contracts where one party has discretion to act in a particular way, consistent with the parties' reasonable expectations. Mr. Eriksen denies the remaining allegations in paragraph 37.

38. Mr. Eriksen denies the allegations in paragraph 38 of the Complaint.

39. Mr. Eriksen denies the allegations in paragraph 39 of the Complaint.

40. Mr. Eriksen denies the allegations in paragraph 40 of the Complaint.

WHEREFORE, Defendant, Justin Eriksen, demands judgment in his favor against Plaintiff and awarding Mr. Eriksen his costs and attorney's fees and any other relief the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

As his first affirmative defense, Mr. Eriksen states that Plaintiff's claims are barred, in whole or in part, by the statute of limitations. Plaintiff wired money to Mr. Eriksen's company on March 16, 2017, and at that point Plaintiff suffered its alleged damages and the cause of action accrued. Thus, as Plaintiff filed suit on March 31, 2021, Plaintiff filed the suit more than four years after its cause of action accrued.

**Second Affirmative Defense**

As his second affirmative defense, Mr. Eriksen states that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. By way of further explanation, Plaintiff has submitted testimony in a California case that Plaintiff learned of Mr. Brecka's fraud related to pre-payment of commissions in early 2017 when Mr. Brecka "confessed" to Plaintiff. And according to the Complaint, Plaintiff knew of Mr. Eriksen's alleged theft in January 2018. Yet, Plaintiff inexplicably and unduly delayed until 2021 to file suit against Mr. Eriksen. As a result of the delay, Mr. Eriksen's ability to defend himself has been diminished through the loss of documents, the fading of memories, and

the potential expiration of Mr. Eriksen's claims against other parties.  Additionally, Mr. Eriksen has been prejudiced in other ways through the undue delay of three years.

### Third Affirmative Defense

As his third affirmative defense, Mr. Eriksen states that Plaintiff's claims for civil theft are barred, in whole or in part, by Plaintiff's failure to comply with the statutory requirements.  First, Plaintiff failed to provide the statutorily required demand. Additionally, at the time of any demand, Plaintiff knew that the money had been returned to Mr. Brecka (Plaintiff's agent and member) at Mr. Brecka's instruction. Despite this knowledge, Plaintiff allegedly demanded $150,000, knowing that the amount was not owed.

### Fourth Affirmative Defense

As his fourth affirmative defense, Mr. Eriksen states that Plaintiff's conversion count is barred, in whole or in part, by Plaintiff's unclean hands.  By way of further explanation, Plaintiff participated in the fraud with its own agent and member (Mr. Brecka) in the aborted purchase of the Dunn policy and in seeking funds that Plaintiff knows were wired to accounts at Mr. Brecka's direction and instruction.  Further, Plaintiff's nearly four year delay in filing suit also evidences bad faith and unclean hands.

### Fifth Affirmative Defense

As his fifth affirmative defense, Mr. Eriksen states that Plaintiff's claims are barred, in whole or in part, by the actions of Mr. Brecka acting on behalf of Plaintiff.  As Plaintiff's

7

member or agent, Mr. Brecka directed Mr. Eriksen to wire funds to certain accounts. Mr. Eriksen complied with his obligations, if any, to Plaintiff by following the directions of its member or agent, Mr. Brecka.

### **Sixth Affirmative Defense**

As his sixth affirmative defense, Mr. Eriksen states that Plaintiff's claims are barred, in whole or in part, by the doctrine of contribution. By way of further explanation, Mr. Brecka, a third-party defendant, conspired with Plaintiff to take the money from Mr. Eriksen and return it to Plaintiff. Alternatively, Mr. Brecka's fraud alone is the cause of Plaintiff's alleged loss, and Mr. Brecka is or should be liable to Plaintiff for any loss.

### **Seventh Affirmative Defense**

As his seventh affirmative defense, Mr. Eriksen states that Plaintiff's damages are due to be offset by the amount proven to be owed by Mr. Eriksen or his company, One Degree. Specifically, in 2016, Mr. Brecka falsely represented the status of a commission and convinced One Degree to wire the funds to Plaintiff, even though the commissions were properly earned.

MILAM HOWARD NICANDRI
& GILLAM, P.A.

By: *s/ Michael T. Fackler*
  Michael T. Fackler (Lead Counsel)
  Florida Bar No. 612421
  John C.W. Cherneski
  Florida Bar No. 85780
  14 East Bay Street
  Jacksonville, Florida  32202
  Tel:  (904) 357-3660
  Fax: (904) 357-3661
  Primary:  mfackler@milamhoward.com
  Secondary: sjames@milamhoward.com
  Primary:  jcherneski@milamhoward.com
  Secondary: sphipps@milamhoward.com
  Secondary:  hdurham@milamhoward.com

  *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2021, a copy of the foregoing has been electronically filed with the Clerk of the U.S. District Court, Middle District of Florida, via CM/ECF, and copies electronically delivered to the following:

Aaron M. McKown, Esq.                aaron@mckownbailey.com
McKown Bailey
620 Newport Center Drive, Suite 690
Newport Beach, CA  92660
*Counsel for Plaintiff*

  *s/ Michael T. Fackler*
  Attorney