UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BODE CAPITAL, LLC,

    Plaintiff,

v.

JUSTIN ERIKSEN,

    Defendant.

Case No.: 3:21-cv-00354-TJC-JBT

_____/

JUSTIN ERIKSEN,

    Third-Party Plaintiff,

v.

GARY BRECKA,

    Third-Party Defendant.

_____/

## DEFENDANT'S THIRD-PARTY COMPLAINT

Pursuant to Fed.R.Civ.P. 14, Third-Party Plaintiff, Justin Eriksen, sues Third-Party Defendant, Gary Brecka, and alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1. The Court has supplemental jurisdiction over this claim as this claim forms the same case or controversy under Article III. *See* 28 USC §1367. Alternatively, Mr. Brecka should be joined as an involuntary defendant pursuant to Fed.R.Civ.P. 19.

2. Mr. Eriksen is a resident of Duval County, Florida and is a defendant in the main action.

3. Mr. Brecka is a Florida resident living in Naples, Florida and is subject to this Court's jurisdiction because some of the events alleged herein occurred in the Jacksonville Division of the Middle District.

4. Pursuant to 28 U.S.C. § 1391, Venue is appropriate in the Jacksonville Division of the Middle District of Florida, because the Third-Party Complaint alleges events intertwined with the main cause of action and share a common nucleus of facts and law, because Mr. Eriksen as the first party defendant resides in Jacksonville, and because a substantial part of the events occurred in the Middle District of Florida.

## FACTUAL BACKGROUND

5. Mr. Eriksen was involved in, and earned commissions from, selling and brokering life settlements, wherein a beneficiary of a life insurance policy sells the policy and future proceeds to an investor in exchange for cash or other considerations.

6. Mr. Eriksen worked with Mr. Brecka and knew Mr. Brecka from the industry as a representative, owner, administrator, and member of Plaintiff, Bode Capital, LLC ("Bode Capital").

7. On numerous occasions, Mr. Brecka represented to Mr. Eriksen that Mr. Brecka was a manager, owner, administrator, and agent of Bode Capital.

8. Prior to 2016, Mr. Brecka provided Mr. Eriksen with Bode Capital's operating agreement. The operating agreement was signed by Bode Capital's current attorney in this action, Mr. McKown, and the members (Mr. McKown and Mr. Williams) referenced in paragraph 10 of Bode Capital's Complaint.

9. Similarly, in emails with Mr. McKown and Mr. Williams, Mr. Brecka referred to himself as the owner, manager, administrator, and agent of Bode Capital.

10. In 2017, Mr. Brecka asked for Mr. Eriksen's assistance in purchasing a life insurance from the Dunns (the "Dunn Policy").

11. As Mr. Eriksen had contacted the Dunns with another agent working to sell the policy, Mr. Eriksen approached the Dunns using a fictional name to avoid confusion with the previous agent with whom Mr. Eriksen had worked.

12. The Dunns expressed interest in selling the policy to interested buyers, including Bode Capital and other potential investors.

13. Through Mr. Brecka, Bode Capital provided the instructions and paperwork to complete the transaction for Bode Capital's purchase of the Dunn Policy. Mr. Eriksen has since learned that the Dunns decided not to complete the sale of the Dunn Policy to Bode Capital. The Dunns did not rescind the agreement to sell the policy but instead never entered into an agreement for the sale of the policy with Bode Capital.

14. Apart from the introduction of the Dunns to Mr. Brecka, Mr. Eriksen was not involved in finalizing the aborted sale of the Dunn Policy to Bode Capital.

15. Mr. Eriksen was surprised to learn that a $150,000 wire from Bode Capital was made to his company, One Degree Strategies, LLC ("One Degree") on March 16, 2017.

16. Upon Mr. Eriksen's inquiry into the source and purpose of the wire, Mr. Brecka told Mr. Eriksen that the money was for a pre-paid commission for the Dunn Policy.

17. Mr. Brecka then immediately instructed Mr. Eriksen not to disburse the money. And on the following day, Mr. Brecka instructed One Degree to send the money to a different account at Bank of America.

18. One Degree followed Mr. Brecka's instructions and wired the money from its account to the Bank of America account identified by Mr. Brecka.

19. All conditions precedent to bringing this suit have occurred or been waived.

## COUNT I
### (Common Law Indemnification.)

20. Mr. Eriksen re-alleges and incorporates his allegations in Paragraph 1 through 19 as if fully set forth herein.

21. Mr. Eriksen is wholly without fault with regard to the damages claimed by Bode Capital.

22. Mr. Brecka is wholly at fault and responsible for any damages suffered by Bode Capital.

23. Due to Mr. Brecka's fraudulent actions, Mr. Eriksen may be constructively or derivatively liable for the actions and fraud of Mr. Brecka.

WHEREFORE, Third-Party Plaintiff, Justin Eriksen, demands judgment for any amount which Mr. Eriksen is found liable stemming from the main action, including his attorney's fees and costs for defending himself in the main action pursuant to the wrongful act doctrine.

## COUNT II
### (Fraud)

24. Mr. Eriksen re-alleges and incorporates his allegations in Paragraph 1 through 19 as if fully set forth herein.

25. Mr. Brecka made several false statements to Mr. Eriksen, including:

- Mr. Brecka was owner, manager, administrator, and agent of Bode Capital;
- Mr. Brecka had authority to act on Bode Capital's behalf;
- the wire to One Degree was for rescission of the Dunn Policy or an advanced payment from the Dunn Policy; and
- Bode Capital requested the money be wired to the Bank of America account.

26. At the time of making the statements, Mr. Brecka knew that the statements were false.

27. The statements were material to Mr. Eriksen in his actions and dealings with Mr. Brecka and his principal, Bode Capital.

28. Mr. Brecka intended Mr. Eriksen to rely on the false statements.

29. In justifiable reliance on Mr. Brecka's false statements, Mr. Eriksen wired money to the Bank of America account at Mr. Brecka's direction.

30. As a result of Mr. Brecka's action, Mr. Eriksen has been damaged.

WHEREFORE, Third-Party Plaintiff, Justin Eriksen, demands judgment against Third-Party Defendant, Gary Brecka, for any amount of judgment stemming from the main action, including his attorney's fees and costs for defending himself in the main action pursuant to the wrongful act doctrine.

## COUNT III
**(Negligent Misrepresentation)**

31. Mr. Eriksen re-alleges and incorporates his allegations in Paragraph 1 through 19 as if fully set forth herein.

32. At the time the statements were made, Mr. Brecka knew, or should have known, that the following statements were false:

- Mr. Brecka was owner, manager, administrator, and agent of Bode Capital;

- Mr. Brecka had authority to act on Bode Capital's behalf;

- the wire to One Degree was for rescission of the Dunn Policy or an advanced payment from the Dunn Policy; and

6

- Bode Capital requested the money be wired to the Bank of America account.

33. In reliance on Mr. Brecka's false statement, Mr. Eriksen wired money to the Bank of America account at Mr. Brecka's direction.

34. At the time of the statements, Mr. Brecka intended Mr. Eriksen to rely on the false statements.

35. As a result of Mr. Brecka's misrepresentations, Mr. Eriksen has been damaged.

WHEREFORE, Third-Party Plaintiff, Justin Eriksen, demands judgment against Third-Party Defendant, Gary Brecka, for any amount of judgment stemming from the main action, including his attorney's fees and costs for defending himself in the main action pursuant to the wrongful act doctrine.

        MILAM HOWARD NICANDRI
          & GILLAM, P.A.

By: *s/ Michael T. Fackler*
    Michael T. Fackler (Lead Counsel)
    Florida Bar No. 612421
    John C.W. Cherneski
    Florida Bar No. 85780
    14 East Bay Street
    Jacksonville, Florida  32202
    Tel:  (904) 357-3660
    Fax: (904) 357-3661
    Primary:  mfackler@milamhoward.com
    Secondary: sjames@milamhoward.com
    Primary:  jcherneski@milamhoward.com
    Secondary: sphipps@milamhoward.com
    Secondary:  hdurham@milamhoward.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 11th day of August, 2021, a copy of the foregoing has been electronically filed with the Clerk of the U.S. District Court, Middle District of Florida, via CM/ECF, and copies electronically delivered to the following:

Aaron M. McKown, Esq.                aaron@mckownbailey.com
McKown Bailey
620 Newport Center Drive, Suite 690
Newport Beach, CA  92660
*Counsel for Plaintiff*

        *s/ Michael T. Fackler*
           Attorney